## UNITED STATES  DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | | |
|---|---|---|
| DEBORAH NUZZI, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No.  07-2127 |
| BOURBONNAIS ELEMENTARY | ) | |
| SCHOOL DISTRICT, et al., | ) | |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Deborah Nuzzi filed a complaint in the Northern District of Illinois against Defendants Janice Blanchette and Mark Regel (N.D. Ill. Case No. 06-5298).  She subsequently amended the complaint.  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In April 2007, Defendant Blanchette filed a Motion To Dismiss and Motion for a More Definite Statement (#50) directed at the First Amended Corrected Complaint (#72).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Blanchette's Motion To Dismiss and Motion for a More Definite Statement **(#50)** be **GRANTED** in part and **DENIED** in part.

## I.  Background
### A.  Procedural Background

In September 2006, Plaintiff filed a suit in the Northern District of Illinois against Defendants, Bourbonnais Elementary School District and Rob Rodewald (N.D. Ill. Case No. 06-5296), and a separate suit against Defendants Janice Blanchette and Mark Regel (N.D. Ill. Case No. 06-5298).  Plaintiff subsequently filed a First Amended Complaint in N.D. Ill. Case No. 06-5296 and an Amended Complaint and Corrected First Amended Complaint in N.D. Ill. Case No. 06-5298.

In July 2007, the Northern District court transferred both cases to the Central District of Illinois.  Prior to transferring, the court consolidated the cases.  (*See* C.D. Ill. Text Order dated

July 24, 2007, in C.D. Ill. Case No. 07-2132, referring to N.D. Ill. Minute Entry dated April 4, 2007.)  In the Central District court, the cases have been consolidated under case no. 07-2127.

### B.  Factual Background

The following background is taken from Plaintiff's Corrected First Amended Complaint (#72).  Prior to August 2006, Plaintiff was a principal working for the Bourbonnais Board of Education (hereinafter "Board").  Defendant Rodewald is a member of the Board.  Defendant Regel is president of the Board and a friend of Rodewald and also of Peter Dubrovic, a member of the St. George Board of Education.  Defendant Blanchette is not associated with either the Bourbonnais Board or the St. George Board of Education.

In April 2006, Plaintiff filed a charge of sex discrimination and harassment against the Board and Rodewald.  Regel knew of the charges Plaintiff filed.  Regel participated in discriminating against Plaintiff based on her sex, opposed Plaintiff's filing of charges of discrimination, and participated in paying female employees less than similarly-situated male employees of the Bourbonnais School system.

In May 2006, Plaintiff applied for a position with the St. George Board of Education as principal.  Defendant Regel learned of her application and contacted Dubrovic and, through Dubrovic, Defendant Blanchette.  While Plaintiff's application was pending, Dubrovic and Defendants Blanchette and Regel met and discussed Plaintiff's application.  Plaintiff alleges that these meetings were held in violation of the Illinois Open Meetings Act (5 ILCS 120/1 *et seq*.).

Defendant Regel "submitted false information that Plaintiff had been disciplined numerous times at all of the different places Plaintiff was employed."  (#72, ¶ 17.)  Defendants Blanchette and Regel and their agents discussed ways to prevent Plaintiff from receiving the position she had applied for as principal with St. George schools.  They revealed the false information referred to above to members of the St. George Board of Education to be used against Plaintiff's application for principal.  Their conduct in disseminating the false information

violated the Illinois Open Meetings Act.  The false information was used at subsequent meetings of the St. George Board of Education to defeat Plaintiff's application for the principal position.

The St. George Board of Education initially denied Plaintiff the position by a vote of four to three.  Local newspapers printed stories revealing that the St. George Board of Education had denied Plaintiff the position and including false information about Plaintiff's history with the Bourbonnais Board.  The St. George Board of Education subsequently awarded Plaintiff the position by a four to three vote.  Despite the fact that Plaintiff received the position, Defendants made no attempt to correct the false information they had previously revealed about Plaintiff.

Plaintiff's Corrected First Amended Complaint (#72) alleges three counts against Defendants Regel and Blanchette, as follows:  (1) Count I alleges that Defendants violated 42 U.S.C. § 1983 "by seeking to deprive Plaintiff of her right to complain of discrimination" (#72, ¶ 34) and "by seeking to deprive Plaintiff of her right because she is a woman" (#72, ¶ 35); (2) Count II alleges that Defendants violated the Open Meetings Act "by failing to take action with regard to the application of Plaintiff . . . in accord with that Act" (#72, ¶ 40); and (3) Count III alleges that Defendants made false and malicious statements about Plaintiff's failure to perform her job and published those statements to the community.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

### III.  Analysis

Defendant Blanchette argues that the Court should dismiss the claims against her for the following reasons:  (1) the Court should dismiss the state law claims in Counts II and III because Plaintiff failed to allege a basis for federal jurisdiction over those claims; (2) as to Count I, Plaintiff failed to adequately allege that Blanchette acted under color of state law or that Blanchette deprived Plaintiff of her right to complain about discrimination or that Blanchette violated any of Plaintiff's federally-protected rights; (3) as to Count II, the meetings that were alleged to have violated the Open Meetings Act did not involve a public body; (4) Plaintiff's claim is not timely based on the sixty-day statute of limitations; alternatively, (5) Plaintiff's request for compensatory damages is improper; and as to Count III, (6) Plaintiff failed to expressly allege the purported defamatory statements made by Blanchette.

### A.  Count I

Defendant argues that the Court should dismiss Count I because (1) Blanchette is not a state actor; (2) Plaintiff failed to allege that Blanchette deprived Plaintiff of her right to complain about discrimination; and (3) Plaintiff failed to allege that Blanchette violated any of Plaintiff's federally-protected rights.

Defendant first contends that Plaintiff has not adequately alleged that she was a state actor or acting under color of law.  She bases this argument on the fact that Plaintiff sued Blanchette in her individual capacity only.  However, the individual/official capacity concept refers to the capacity in which a party is being sued, not the capacity in which she performed the conduct at issue.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991) ("the phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury").  Thus, the fact that Plaintiff sued Blanchette in her individual capacity does not define whether she is a state actor.

It is, of course, well-settled that a Section 1983 claim requires that the actor who allegedly deprived an individual of his constitutional rights must be acting under color of state law.  *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).  In the context of Section 1983,

4

the use of the word "state," as in "state actors," or "under color of state law," assumes its more general meaning of "government."  The purpose of Section 1983 is to deter government actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims who suffer the deprivation.  *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Here, Defendant Blanchette is clearly a private entity.  Generally, the protections of Section 1983 do not extend to private conduct that violates individual rights no matter how abhorrent the conduct may be.  *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled on other grounds by Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)).  Nevertheless, private party status itself is not always dispositive of the color of law issue.  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350-51 (1974).  The color of law requirement does not mandate that a defendant is a government official; it is enough that a private person is a willful participant in joint action with a government entity or its agents.  "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970) (stating that to act under color of law does not require that a defendant be an officer of the State; it is enough that she is a willful participant in joint activity with the State or its agents).

Plaintiff does not use the word conspiracy in her complaint; however, she indicated in her response brief that she was trying to allege a conspiracy.  Although a plaintiff may not amend her complaint through arguments in her brief, she may explain in her memorandum that the complaint as worded encompasses a claim that would entitle her to relief.  *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993).

At the motion to dismiss stage, the Court must accept as true Plaintiff's well-pleaded allegations.  Here, Plaintiff alleged that Defendant Blanchette met with Defendant Regel and Pete Dubrovic and they discussed ways to prevent Plaintiff from being appointed to the position of principal for the St. George school system.  At this stage, based upon the pleadings, the Court

can infer that Dubrovic was acting under color of law in his capacity as a school board member when he met with Blanchette and Regel.  Blanchette alleged that Defendants and their agents subsequently revealed false information about Plaintiff's employment history to St. George School Board members and Plaintiff's application was defeated at the initial vote.

The Seventh Circuit has held that a plaintiff need not provide facts in order to allege a conspiracy to violate a person's constitutional rights other than to identify the parties, purpose, and approximate date of the conspiracy.  *See Loubser v. Thacker,* 440 F.3d 439, 442-43 (7th Cir.), *cert. denied,* __ U.S. __, 126 S. Ct. 2944 (2006).  Here, Plaintiff has identified Defendants and Dubrovic as parties to a conspiracy, the purpose – to prevent Plaintiff from getting the principal job, and the approximate date of the conspiracy – after Plaintiff applied for the position in May 2006.  Consistent with the Seventh Circuit's recent case law and liberal notice pleading standards, the Court concludes that Plaintiff has adequately alleged that Defendant Blanchette acted under color of law as a result of her alleged conspiracy with others, including Dubrovic, a state actor.

Defendant next argues that Plaintiff failed to state a claim that Blanchette sought to deprive her of her right to complain of discrimination and, in addition, Plaintiff failed to allege that Blanchette interfered with any of Plaintiff's federally-protected rights.

In Count I, Plaintiff alleges several times that Defendants "violated" Section 1983 by their conduct.  It is well-settled that Section 1983 does not provide a source of substantive rights; instead, it is a vehicle for vindicating federal rights conferred elsewhere.  *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).  To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege, first, "that some person has deprived him of a federal right" and, second, "that the person who has deprived him of the right acted under color of state . . . law."  *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

The Court has not lost sight of its obligation to liberally construe claims based on the notice pleading standard applicable in federal court.  In this case, however, given Plaintiff's

6

repeated reference to violations of Section 1983 and her confusing allegations regarding the right(s) at issue, the Court cannot determine what claims Plaintiff is attempting to assert in Count I. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (stating that a complaint states a claim if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests); *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996) (stating that a plaintiff must plead enough to allow the court and the defendants to understand the gravamen of the complaint). Accordingly, the Court concludes that Plaintiff has failed to state a claim and recommends dismissing Count I with leave to amend.

## B.  Count II

Defendant next argues that the Court should dismiss Count II because the alleged meetings did not involve a public body as defined in the Open Meetings Act, and alternatively, the statute of limitations bars the claim.  In addition, Plaintiff asks the Count to strike the prayer for relief to the extent it seeks anything other than attorney fees and litigation expenses.

Plaintiff concedes that Defendant Blanchette is not liable under the Act.  (#57, p. 4.) Accordingly, the Court recommends granting the motion to dismiss as to Count II.

## C.  Count III

Defendant next argues that the Court should dismiss Count III because Plaintiff failed to expressly allege the purported defamatory statements made by Blanchette, thus Plaintiff has failed to comply with federal pleading standards.

In addressing the adequacy of a claim of libel *per se*, the Seventh Circuit court stated that Illinois pleading rules do not apply in federal court.  *See Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 925-26 (7th Cir. 2003) (citing *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994)).  The court pointed out that a claim for defamation *per se* does not fall under the special pleading regime of Rule 9, and stated that the plaintiff in that case was "entitled to the usual rules for notice pleading established by Rule 8."  *Id.* at 926.  Finally, the court considered whether the complaint put the defendants in that case on notice of the claim.

In support of her argument, Defendant relies on the Seventh Circuit case of *Knafel v. Chicago Sun Times*, 413 F. 3d 637 (7th Cir. 2005). In that case, the plaintiff alleged defamation and included in the complaint the particular statements at issue. The Seventh Circuit court then considered whether the alleged defamatory statements were capable of innocent construction, concluded that they were, and dismissed the case on that basis. The case does not stand for the proposition that a complaint *must* include the particular statements at issue when a plaintiff pleads a defamation claim. As the Seventh Circuit court has explained, litigants may plead themselves out of court by alleging facts that establish a defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). That is what happened in *Knafel*.

Rule 9 does not include defamation of any kind in its special pleading requirements. Here, related to a defamation claim, Plaintiff has alleged that Defendant Regel "submitted false information that Plaintiff had been disciplined numerous times at all of the different places Plaintiff was employed" (#72, ¶ 17), Defendants and their agents "revealed the false information" to St. George Board of Education members (#72, ¶ 19), and Defendants made no attempt to correct the false information they had previously revealed (#72, ¶ 30). Construing these allegations liberally, the Court infers that Blanchette revealed false information regarding Plaintiff's employment history to others. At this point in the proceedings, the Court concludes that Plaintiff has adequately alleged a defamation claim against Blanchette and the Court will not recommend dismissing Count III for failure to state a claim.

## IV. Summary

For the reasons stated above, this Court recommends that Defendant Blanchette's Motion To Dismiss and Motion for a More Definite Statement **(#50)** be **GRANTED** as to Counts I and II and **DENIED** as to Count III. Because it is conceivable that Plaintiff can amend her complaint to state a claim in Count I, the Court recommends that the dismissal be without

prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.  Furthermore, if Plaintiff chooses to file an amended complaint, the Court directs her to allege the basis for federal jurisdiction over the state law claim in Count III.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 10th day of October, 2007.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
