**E-FILED**
Wednesday, 10 October, 2007  10:26:20 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES  DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | | |
|---|---|---|
| **DEBORAH NUZZI,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **Case No.  07-2127** |
| **BOURBONNAIS ELEMENTARY** | ) | |
| **SCHOOL DISTRICT, et al.,** | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

In September 2006, Plaintiff Deborah Nuzzi filed a complaint in the Northern District of Illinois against Defendants, Janice Blanchette and Mark Regel (N.D. Ill. Case No. 06-5298). Plaintiff subsequently amended the complaint.  Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has raised a federal question.

Defendant Regel filed a Rule 12(b)(6) Motion To Dismiss Plaintiff's "Corrected First Amended Complaint" for Failure To State Claims Upon Which Relief Can Be Granted (#55). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Regel's Rule 12(b)(6) Motion To Dismiss Plaintiff's "Corrected First Amended Complaint" for Failure To State Claims Upon Which Relief Can Be Granted (**#55**) be **GRANTED** in part and **DENIED** in part.

## I.  Background
### A.  Procedural Background

In September 2006, Plaintiff filed a suit in the Northern District of Illinois against Defendants, Bourbonnais Elementary School District and Rob Rodewald (N.D. Ill. Case No. 06-5296), and a separate suit against Defendants Janice Blanchette and Mark Regel (N.D. Ill. Case No. 06-5298).  Plaintiff subsequently filed a First Amended Complaint in N.D. Ill. Case No. 06-5296 and an Amended Complaint and Corrected First Amended Complaint in N.D. Ill. Case No. 06-5298.

In July 2007, the Northern District court transferred both cases to the Central District of Illinois.  Prior to transferring, the court consolidated the cases.  (*See* C.D. Ill. Text Order dated July 24, 2007, in C.D. Ill. Case No. 07-2132, referring to N.D. Ill. Minute Entry dated April 4, 2007.)  In the Central District court, the cases have been consolidated under case no. 07-2127.

### B.  Factual Background

The following background is taken from Plaintiff's Corrected First Amended Complaint (#72).  Prior to August 2006, Plaintiff was a principal working for the Bourbonnais Board of Education (hereinafter "Board").  Defendant Rodewald is a member of the Board.  Defendant Regel is president of the Board and a friend of Rodewald and also of Peter Dubrovic, a member of the St. George Board of Education.  Defendant Blanchette is not associated with either the Bourbonnais Board or the St. George Board of Education.

In April 2006, Plaintiff filed a charge of sex discrimination and harassment against the Board and Rodewald.  Regel knew of the charges Plaintiff filed.  Regel participated in discriminating against Plaintiff based on her sex, opposed Plaintiff's filing of charges of discrimination, and participated in paying female employees less than similarly-situated male employees of the Bourbonnais school system.

In May 2006, Plaintiff applied for a position with the St. George Board of Education as principal.  Regel learned of her application and contacted Dubrovic and, through Dubrovic, Defendant Blanchette.  While Plaintiff's application was pending, Dubrovic and Defendants Blanchette and Regel met and discussed Plaintiff's application.  Plaintiff alleges that these meetings were held in violation of the Illinois Open Meetings Act (5 ILCS 120/1 *et seq*.).

Defendant Regel "submitted false information that Plaintiff had been disciplined numerous times at all of the different places Plaintiff was employed."  (#72, ¶ 17.)  Defendants Blanchette and Regel and their agents discussed ways to prevent Plaintiff from receiving the position she had applied for as principal with St. George schools.  They revealed the false information referred to above to members of the St. George Board of Education to be used

2

against Plaintiff's application for principal. Their conduct in disseminating the false information violated the Illinois Open Meetings Act. The false information was used at subsequent meetings of the St. George Board of Education to defeat Plaintiff's application for the principal position.

The St. George school board initially denied Plaintiff the position by a vote of four to three. Local newspapers printed stories revealing that the St. George school board had denied Plaintiff the position and including false information about Plaintiff's history with the Bourbonnais Board. The St. George Board of Education subsequently awarded Plaintiff the position by a four to three vote. Despite the fact that Plaintiff received the position, Defendants made no attempt to correct the false information they had previously revealed about Plaintiff.

Plaintiff's Corrected First Amended Complaint (#72) alleges three counts against Defendants Regel and Blanchette, as follows: (1) Count I alleges that Defendants violated 42 U.S.C. § 1983 "by seeking to deprive Plaintiff of her right to complain of discrimination" (#72, ¶ 34) and "by seeking to deprive Plaintiff of her right because she is a woman" (#72, ¶ 35); (2) Count II alleges that Defendants violated the Open Meetings Act "by failing to take action with regard to the application of Plaintiff . . . in accord with that Act" (#72, ¶ 40); and (3) Count III alleges that Defendants made false and malicious statements about Plaintiff's failure to perform her job and published those statements to the community.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

3

### III.  Analysis

Defendant Regel argues that the Court should dismiss the claims against him for the following reasons:  (1) Plaintiff has failed to state a claim in Count I; (2) in Count II, Plaintiff failed to allege any action by Defendant Regel that violates the Open Meetings Act; (3) the Open Meetings Act does not provide for money damages; (4) Count II is time-barred; and (5) Plaintiff failed to adequately allege a defamation claim in Count III.

### A.  Count I

Defendant argues that the Court should dismiss Count I because Plaintiff failed to allege the deprivation of any right protected by the laws or constitution of the United States.  Defendant also mentions the defense of qualified immunity, but he is apparently not raising it at this time, therefore the Court will not consider this issue.  (*See* Defendant's Memorandum, #56, p. 8, stating that because Plaintiff failed to adequately plead a claim, Defendant "is effectively prohibited from asserting the defense of official, qualified immunity from suit, in a motion to dismiss").

In Count I, Plaintiff alleges several times that Defendants "violated" Section 1983 by their conduct.  It is well-settled that Section 1983 does not provide a source of substantive rights; instead, it is a vehicle for vindicating federal rights conferred elsewhere.  *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979).  To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege, first, "that some person has deprived him of a federal right" and, second, "that the person who has deprived him of the right acted under color of state . . . law."  *Gomez v. Toledo,* 446 U.S. 635, 640 (1980).

The Court has not lost sight of its obligation to liberally construe claims based on the notice pleading standard applicable in federal court.  In this case, however, given Plaintiff's repeated reference to violations of Section 1983 and her confusing allegations regarding the right(s) at issue, the Court cannot determine what claims Plaintiff is attempting to assert in Count I.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (stating that a complaint states a claim if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it

rests); *Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996) (stating that a plaintiff must plead enough to allow the court and the defendants to understand the gravamen of the complaint).  Accordingly, the Court concludes that Plaintiff has failed to state a claim and recommends dismissing Count I with leave to amend.

### B.  Count II

Defendant next argues that the Court should dismiss Count II because (1) Plaintiff failed to allege any action by Defendant that violates the Open Meetings Act; (2) the Open Meetings Act does not provide for money damages; and (3) Count II is time-barred.

As Defendant noted, the Open Meetings Act prohibits a public body from meeting to conduct public business in private or in closed session.  The Act defines a "meeting" as a gathering of "a majority of a quorum of the members of a public body held for the purpose of discussing public business."  5 ILCS 120/1.02.  Defendant does not challenge that a public school board constitutes a "public body" under the Act.

Plaintiff's claim in Count II appears to involve both (1) the meeting among Blanchette, Regel, and Dubrovic, and (2) conduct by Defendants and their agents in revealing the purportedly false information about Plaintiff to St. George's Board of Education members.  The Court agrees that neither of these occurrences appear to fall with the definition of a meeting under the Open Meetings Act.  Accordingly, Plaintiff has failed to state a claim and the Court recommends dismissing Count II.

### C.  Count III

Defendant next argues that the Court should dismiss Count III because Plaintiff failed to expressly allege the purported defamatory statements, thus Plaintiff has failed to comply with federal pleading standards.

In addressing the adequacy of a claim of libel *per se*, the Seventh Circuit court stated that Illinois pleading rules do not apply in federal court.  *See Muzikowski v. Paramount Pictures*

*Corp.*, 322 F.3d 918, 925-26 (7th Cir. 2003), citing *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir. 1994).  The court pointed out that a claim for defamation *per se* does not fall under the special pleading regime of Rule 9, and stated that the plaintiff in that case was "entitled to the usual rules for notice pleading established by Rule 8."  *Id.* at 926.  Finally, the court considered whether the complaint put the defendants in that case on notice of the claim.

In support of his argument, Defendant relies on the Seventh Circuit case of *Knafel v. Chicago Sun Times*, 413 F. 3d 637 (7th Cir. 2005).  In that case, the plaintiff alleged defamation and included in the complaint the particular statements at issue.  The Seventh Circuit court considered whether those statements were capable of innocent construction, concluded that they were, and dismissed the case on that basis.  The case does not stand for the proposition that a complaint *must* include the particular statements at issue when a plaintiff pleads a defamation claim.  As the Seventh Circuit court has explained, litigants may plead themselves out of court by alleging facts that establish a defendant is entitled to prevail.  *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).  That is what happened in *Knafel*.

Rule 9 does not include defamation of any kind in its special pleading requirements. Here, related to her defamation claim, Plaintiff has alleged that Defendant Regel "submitted false information that Plaintiff had been disciplined numerous times at all of the different places Plaintiff was employed" (#72, ¶ 17), Defendants and their agents "revealed the false information" to St. George Board of Education members (#72, ¶ 19), and Defendants made no attempt to correct the false information they had previously revealed (#72, ¶ 30).  Based on these allegations, Plaintiff has adequately put Defendant on notice of the defamation claim against him and the Court recommends denying the motion to dismiss Count III for failure to state a claim. *See Med. Informatics Eng'g, Inc. v. Orthopaedics Ne.*, P.C. 458 F. Supp. 2d 716, 722 (N.D. Ind., 2006).

## IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Rule 12(b)(6) Motion To Dismiss Plaintiff's "Corrected First Amended Complaint" for Failure To State

Claims Upon Which Relief Can Be Granted **(#55)** be **GRANTED** as to Counts I and II and **DENIED** as to Count III.  Because it is conceivable that Plaintiff can amend her complaint to state claims in Counts I and II, the Court recommends that the dismissal be without prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 10th day of October, 2007.

_____ s/ DAVID G. BERNTHAL _____
U.S. MAGISTRATE JUDGE